Glenn R. Kantor, SBN 122643
 gkantor@kantorlaw.net
Andrew M. Kantor, SBN 303093
 akantor@kantorlaw.net
Timothy J. Rozelle, SBN 298332
 trozelle@kantorlaw.net
KANTOR & KANTOR, LLP
9301 Corbin Ave., Suite 1400
Northridge, California, 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
OLIVIA FADDIS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA FADDIS,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>　　　　　Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>　(1) **BREACH OF CONTRACT**<br><br>　(2) **BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Olivia Faddis ("Plaintiff") herein sets forth the allegations of her Complaint as follows:

## GENERAL ALLEGATIONS

1.　Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

2.　Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred within this District, including issuance and administration of Plaintiff's group long-term disability

1  coverage in connection with her employment at Alameda Health System in Alameda County,
2  California.
3      3.    Plaintiff OLIVIA FADDIS is, and at all times herein mentioned was, an
4  individual residing in the State of California. At the time of the claim determinations and
5  benefit termination alleged herein, Plaintiff resided in Vallejo, Solano County, California.
6      4.    At all relevant times, Plaintiff was insured for long-term disability benefits in
7  connection with her employment by Alameda Health System, a California public entity.
8      5.    Plaintiff is informed and believes that Defendant RELIANCE STANDARD
9  LIFE INSURANCE COMPANY ("Reliance Standard") is a corporation organized under the
10 laws of Illinois with its principal place of business in Pennsylvania, authorized to transact
11 and transacting business in California, including within this District. Reliance Standard is the
12 insurer of benefits under the group LTD policy issued to Plaintiff's employer (policy number
13 presently unknown and to be identified in discovery).
14     6.    This action is brought to recover benefits due and enforce rights under the
15 Policy and California law. Plaintiff seeks relief including, but not limited to, payment of
16 past-due and ongoing LTD benefits, prejudgment and post-judgment interest, reinstatement,
17 extracontractual and punitive damages, reasonable attorney's fees (including Brandt fees)
18 and costs.

## FACTS

19
20     7.    Plaintiff is a 59-year-old Registered Nurse who worked in the
21 Emergency/Trauma department at Alameda Health System.
22     8.    During her employment, she was insured for long-term disability benefits
23 under a group LTD policy issued and insured by Reliance Standard Life Insurance Company.
24     9.    On August 7, 2022, Plaintiff suffered a workplace fall in the trauma bay and, in
25 the weeks that followed, developed lower-extremity pain, swelling, and mobility limitations.
26     10.   In February 2023, Plaintiff was diagnosed with metastatic breast cancer and
27 underwent chemotherapy and radiation through November 2024, with ongoing neuropathy,
28 fatigue, migraines, sleep disruption, and cognitive deficits.

KANTOR & KANTOR LLP
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
(818) 886 2525

11. Her ER/Trauma position required rapid triage and continuous monitoring, administration of medications, frequent lifting and transfers, prolonged standing, and sustained concentration during rotating shifts.

12. On June 12, 2024, Plaintiff submitted her LTD claim paperwork. On June 27, 2024, she faxed medical records to Reliance. Reliance issued additional information requests on July 1, 2024 and August 5, 2024, requested/confirmed payment information on September 18, 2024.

13. Plaintiff applied for Social Security Disability Insurance in July 2024 and was approved in August 2024.

14. On or about November 11, 2024, Reliance approved the LTD claim with benefits payable effective February 3, 2023 following the elimination period.

15. In late 2024, Reliance notified Plaintiff that the claim would be evaluated under the Policy's Any Occupation definition and requested updated medical information.

16. On January 9, 2025, Reliance approved Plaintiff's continuing eligibility under the Any Occupation standard, subject to periodic medical certification.

17. Between January and April 2025, Reliance requested additional updates from providers, and Plaintiff provided additional records; Reliance did not order an Independent Medical Examination or a Functional Capacity Evaluation.

18. On May 13, 2025, Reliance terminated LTD benefits effective May 9, 2025 under the Any Occupation standard, asserting Plaintiff could perform the following occupations: Telephone Triage Nurse; Discharge Planner; Director—Nurses' Registry; Utilization Review Coordinator.

19. The termination was based on a paper review without an Independent Medical Examination or a Functional Capacity Evaluation; Reliance referenced primary-care records and did not obtain or fairly weigh oncology, orthopedics, or neurocognitive evidence, and did not address Plaintiff's SSDI approval in the termination decision.

20. Reliance paid LTD benefits through May 9, 2025 and has not paid benefits due thereafter.

# FIRST CAUSE OF ACTION AGAINST DEFENDANT
# FOR BREACH OF CONTRACT

21. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

22. Plaintiff was insured for long-term disability ("LTD") benefits under a group LTD insurance policy issued and insured by Defendant Reliance Standard Life Insurance Company (the "Policy").

23. Plaintiff performed, and at all relevant times complied with, the terms of the Policy, including by submitting a claim, providing information reasonably requested, and cooperating in Defendant's investigation.

24. Defendant breached the Policy by terminating LTD benefits effective May 9, 2025 under the Any Occupation definition, notwithstanding Defendant's January 9, 2025 approval of Plaintiff's continuing eligibility and Plaintiff's ongoing disability as alleged above.

25. As a direct and proximate result of Defendant's breach, Plaintiff has suffered damages, including unpaid LTD benefits from May 9, 2025 to the present, together with prejudgment interest according to law, and seeks reinstatement to ongoing LTD benefits in accordance with the Policy.

# SECOND CLAIM FOR RELIEF
# AGAINST DEFENDANT RELIANCE STANDARD
# FOR BREACH OF THE IMPLIED COVENANT
# OF GOOD FAITH AND FAIR DEALING

26. Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

27. Reliance Standard breached the duty of good faith and fair dealing owed to Plaintiff, including by:

KANTOR & KANTOR LLP
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
(818) 886 2525

a) Terminating LTD benefits effective May 9, 2025 after having approved Plaintiff's continuing eligibility under the Any Occupation standard on January 9, 2025, without identifying new contrary medical evidence;

b) Failing to conduct a fair and thorough investigation, including failing to obtain or fairly weigh oncology, orthopedics, and neurocognitive evidence and failing to order an Independent Medical Examination or Functional Capacity Evaluation;

c) Relying primarily on sparse primary-care notes and a paper-only review to conclude that Plaintiff could perform work;

d) Ignoring or failing to reconcile Plaintiff's SSDI approval with the decision to terminate benefits;

e) Issuing a mechanical "sedentary capacity" conclusion and citing generic job titles—Telephone Triage Nurse; Discharge Planner; Director—Nurses' Registry; Utilization Review Coordinator—without addressing Plaintiff's documented restrictions, required stamina and attendance, cognitive limitations, and realistic labor-market access;

f) Withholding benefits at a time when Reliance knew or should have known that benefits were owed under the Policy; and

g) Compelling Plaintiff to institute litigation to obtain benefits due under the Policy.

28. Plaintiff is informed and believes, and thereon alleges, that Reliance has further breached the duty of good faith and fair dealing by additional acts or omissions presently unknown to Plaintiff. Plaintiff will amend this Complaint when such facts are ascertained.

29. As a proximate result of Reliance's wrongful conduct, Plaintiff has suffered, and will continue to suffer, policy damages including unpaid LTD benefits, together with interest, in amounts to be proven at trial.

30. As a further proximate result of Reliance's conduct, Plaintiff has suffered anxiety, worry, and emotional distress, and other incidental damages and out-of-pocket expenses, in amounts to be determined at trial.

31. As a further proximate result of Reliance's conduct, Plaintiff was compelled to retain counsel to obtain benefits due under the Policy and is entitled to recover attorney's fees reasonably incurred to obtain policy benefits (Brandt fees), in an amount to be determined at trial.

32. Reliance's conduct was carried on with oppression, fraud, or malice within the meaning of California Civil Code § 3294, entitling Plaintiff to an award of punitive damages in an amount sufficient to punish and deter.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Reliance Standard as follows:

1. Damages for failure to provide insurance benefits under the Policy, in an amount to be determined at trial, plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,500,000.00;

3. Punitive and exemplary damages in an amount in excess of $5,000,000.00;

4. A trebling of any punitive damages awarded pursuant to California Civil Code § 3345;

5. Attorneys' fees reasonably incurred to obtain Policy benefits (Brandt fees), in a sum to be determined at trial;

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems just and proper.

DATED: October 23, 2025                    KANTOR & KANTOR, LLP

By: */s/ Timothy J. Rozelle*
    Timothy J. Rozelle
    Attorneys for Plaintiff
    Olivia Faddis

KANTOR & KANTOR LLP
9301 Corbin Avenue, Suite 1400
Northridge, California 91324
(818) 886 2525

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: October 23, 2025			KANTOR & KANTOR, LLP


					By: */s/ Timothy J. Rozelle*
					Timothy J. Rozelle
					Attorneys for Plaintiff
					Olivia Faddis